[Cite as *R.C. v. C.S.*, 2017-Ohio-8746.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| R.C., | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-152 |
| | | (C.P.C. No. 14JU 7010) |
| C.S., | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |
| R.C., | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-153 |
| | | (C.P.C. No. 14JU 7010) |
| C.S., | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee, | : | |
| (Minor Child, K.M.C., | : | |
| Appellant). | : | |

## D E C I S I O N

### Rendered on November 30, 2017

**On brief:** *Roger Warner*, for appellees R.C. and G.C. **Argued:** *Roger Warner.*

**On brief:** *Steven E. Hillman,* for appellant/mother C.S. **Argued:** *Steven E. Hillman.*

**On brief:** *Erik L. Smith*, for minor child K.M.C. **Argued:** *Erik L. Smith.*

APPEALS from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch

TYACK, P.J.

{¶ 1}  C.S. and K.M.C. are appealing an order of the Juvenile Branch of the Domestic Relations Division of the Franklin County Court of Common Pleas.  The order granted limited visitation rights to the paternal grandparents of K.M.C.

{¶ 2}  The assignment of error on behalf of K.M.C. is:

> THE JUVENILE COURT ABUSED ITS DISCRETION IN GRANTING THE GRANDPARENTS' MOTION FOR VISITATION.

{¶ 3}  The assignments of error filed on behalf of C.S., the mother of K.M.C. are:

> 1. The Trial Court erred by ignoring the desires of the Appellant [K.M.C.] to terminate all visits with his grandparents.
>
> 2. The Trial Court erred by substituting what it believed to be a better decision thereby infringing of the fundamental right of a parent to make child rearing decisions.
>
> 3. The Trial Court erred in denying the Appellant [K.M.C.] an attorney pursuant to Rule 4 of the Ohio Rules of Juvenile Procedure.
>
> 4. The decision of the Trial Court is against the manifest weight of the evidence.

{¶ 4}  Addressing C.S.'s assignments of error first, the trial court did not ignore the desires of K.M.C.  The trial court simply did not feel that the desires of a 15-year-old were decisive.  The trial court considered a very complex situation and decided that K.M.C. should have some contact with the grandparents who were very actively involved in the young man's life at an earlier time.  Since the trial court did not ignore any facet of the complex situation, the first assignment of error filed on behalf of C.S. is overruled.

{¶ 5}  The trial court did not take away the mother of K.M.C.'s right to make child-rearing decisions.  The court merely ordered C.S. to allow her son to have very limited access to his paternal grandparents.  The desires of the mother and K.M.C. are important considerations, but those desires are not decisive.  The trial court had and has discretion to order limited access of the grandparents to K.M.C.

{¶ 6}  The second assignment of error on behalf of C.S. is overruled.

{¶ 7}   A guardian ad litem was appointed to represent the best interests of K.M.C. in the juvenile court.  For much of the time, K.M.C. seemed amenable to having some limited contact with his paternal grandparents, especially the paternal grandmother. Only at the time that K.M.C. was participating in an in camera interview did K.M.C. indicate he no longer wanted visitation with his grandparents to occur.  No one requested that an attorney be appointed to represent K.M.C.  Under the circumstances, we cannot say the trial court erred in not granting relief no one requested.

{¶ 8}   We note also that the interview of K.M.C. was fully transcribed and was available for later review.  The trial court fully knew the young man's desires, but chose instead to grant very limited visitation.

{¶ 9}   The third assignment of error on behalf of C.S. is overruled.

{¶ 10} The sole assignment of error filed on behalf of K.M.C. and the fourth assignment of error on behalf of C.S. both require some discussion of the evidence before the trial court.  Therefore those two assignments of error will be addressed together.

{¶ 11} During his early life, K.M.C. spent a great deal of time with his paternal grandparents.  During part of the time, C.S. was incarcerated, so virtually all of K.M.C.'s care became the responsibility of the grandparents.

{¶ 12} We cannot know what caused the relationship between C.S. and the paternal grandparents to sour.  There is discussion of the setting up of an email account to facilitate communication between the grandparents and K.M.C. without letting C.S. know about the account.  There is speculation about the involvement of a boyfriend of C.S. There were instances when the paternal grandfather failed to control his anger and he used inappropriate language with and to C.S. K.M.C. was caught in the middle of the turmoil and wished to be out of that position.  He saw his exit as possible if he no longer interacted with his paternal grandfather in particular.  K.M.C. did not indicate any problems with the paternal grandmother other than the fact that she was part of the package that came with the paternal grandfather.

{¶ 13} The parties have set forward two separate standards for our review of the trial court's order.  Applying either standard we cannot say the trial court erred.  The trial court clearly did not abuse its discretion in trying to salvage some minimal relationship between K.M.C. and his paternal grandparents.  The trial court considered the evidence

and made a decision consistent with the idea that in the long run, K.M.C. should have a positive relationship with all the adults who care about him.  That decision was not against the manifest weight of the evidence.

{¶ 14} The fourth assignment of error filed on behalf of C.S. is overruled.  The assignment of error filed on behalf of K.M.C. is also overruled.  As a result, the judgment of the trial court is affirmed.

{¶ 15} We note that the time for the specific visitation order entered by the trial court has come and gone.  We therefore return this case to the trial court in hopes that it can use the assets and programs available to it to cut through the Gordian Knot created by the adults in K.M.C.'s world.  K.M.C. deserves some of the love the adults in his world have for him to bleed over into the way the adults interact with each other.

*Judgment affirmed.*

BROWN, J., concurs,
LUPER SCHUSTER, J, concurs in judgment only.

———————————